IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MONA SWAYNE )
)
v. ) NO. 3:17-0165
)
B&R SALVAGE OF TENNESSEE )

To: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

This civil action is before the Magistrate Judge for pretrial management and to conduct any necessary proceedings under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See* Docket Entry No. 29. For the reasons set forth below, the undersigned respectfully recommends that this action be dismissed.

## I. BACKGROUND

On January 25, 2017, Mona Swayne ("Plaintiff") filed this lawsuit against B&R Salvage of Tennessee, Inc. ("Defendant"), alleging discriminatory employment actions by Defendant and seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Defendant filed an answer, and pretrial proceedings began in the case pursuant to a case management order. *See* Docket Entry Nos. 7 and 10. The action is currently set for a jury trial on September 4, 2018. *See* Order entered May 12, 2017 (Docket Entry No. 11).

Defendant served its initial discovery requests upon Plaintiff on June 20, 2017. However, Plaintiff failed to respond to her counsel's attempts to obtain discovery responses from her,

prompting counsel to obtain two extensions of time to serve discovery responses. *See* Docket Entry Nos. 13 and 15. Plaintiff's counsel thereafter moved to withdraw from the action because of Plaintiff's failure to communicate with counsel and to cooperate with counsel's attempts to provide responses to Defendant's discovery requests. *See* Motion to withdraw (Docket Entry No. 16). By Order entered September 18, 2017 (Docket Entry No. 18), the motion to withdraw was granted and Plaintiff's counsel was permitted to withdraw. Plaintiff was given thirty (30) days within which to have new counsel enter an appearance of record or to inform the Court that she will represent herself going forward. *Id*. Plaintiff was specifically warned that her failure to comply with the Order may result in the dismissal of her case for failure to prosecute. The Order was sent, by certified mail return receipt requested, to three addresses for Plaintiff listed in attachments to the motion to withdraw. *Id*.

The docket reflects that the September 18, 2017, Order was received and signed for by Plaintiff on September 30, 2017, at one of the three addresses to which it was sent.[1] *See* Docket Entry No. 20. However, Plaintiff failed to respond to the Order by either obtaining new counsel or notifying the Court that she intends to represent herself.

On October 19, 2017, Defendant filed a motion to compel responses from Plaintiff to the outstanding discovery requests and to deem admitted the requests for admissions that were served upon Plaintiff. *See* Docket Entry No. 25. The certificate of service for the motion shows that it was sent to the 213 Irvine Ct. address at which Plaintiff had received mail from the Court. However, Plaintiff has not responded in any manner to Defendant's motion. Defendant has recently filed a

---

[1] 213 Irvine Ct., Paris, Tennessee 38242.

motion to modify the case management order deadlines because of Plaintiff's failure to respond to the initial written discovery requests. *See* Docket Entry No. 27.

## II. ANALYSIS

Despite the clear directive from the Court to Plaintiff to either obtain new counsel or notify the Court that she intends to represent herself, Plaintiff remains unrepresented by counsel and has not taken any steps to indicate her desire to represent herself in a *pro se* capacity. Furthermore, Plaintiff has not responded in any manner to Defendant's motion to compel, and it is apparent that Plaintiff has taken no steps to respond to the written discovery that was served upon her over six months ago.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (*per curiam*); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Although the Court acknowledges the difficult situation created for the *pro se* Plaintiff when her counsel withdrew from the action, dismissal of the instant action pursuant to Rule 16(f)(1) and

Rule 41(b) is warranted because of Plaintiff's failure to comply with the specific directive from the Court. Despite a specific warning from the Court about the consequences of noncompliance with the deadline set by the Court to either retain counsel or inform the Court of her intention to proceed *pro se*, Plaintiff failed to respond in any manner to the Court's directive. Furthermore, dismissal of the action is also appropriate in light of the impasse in the proceedings caused by Plaintiff's failure to engage in discovery and to take any steps to prosecute the lawsuit *pro se*. *See Vesely v. Cuyahoga Metro. Hous. Auth.*, 130 F.R.D. 83, 85 (N.D. Ohio 1990). Defendant is entitled to obtain discovery from Plaintiff and to take the steps necessary to defend the lawsuit. However, Plaintiff has shown, both when she was represented by counsel and now when she is *pro se*, that she will not respond to Defendant's written discovery requests. Plaintiff has also failed to respond in any manner to Defendant's pending motion to compel. Neither the Court nor Defendant should be required to expend further resources in the action without Plaintiff first taking the basic steps necessary to prosecute the action going forward. Further, given the threshold nature of the issue at hand, a lesser sanction than dismissal is not warranted.[2] The Court should not have to make repeated warnings to Plaintiff as a predicate to her meeting her obligations as a plaintiff in this litigation.

## RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that this action be DISMISSED WITH PREJUDICE pursuant to Rules 16(f)(1) and 41(b) of the Federal Rules of Civil Procedure.

---

[2] The 14 day period for filing objections to this Report and Recommendation provides Plaintiff with notice of the recommended sanction and gives Plaintiff yet another opportunity to comply with the Court's directive and to take the steps necessary to prosecute the lawsuit.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge